UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM HUDSON,**  **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-836** |
| **SEISCO INTERNATIONAL LIMITED,**  **Defendant** | **SECTION "E" (3)** |

## ORDER AND REASONS

Before the Court is Plaintiff's Rule 12(b)(6) motion to dismiss or, in the alternative, a Rule 12(e) motion for more definite statement.[1] For the reasons that follow, the Rule 12(e) motion for more definite statement is **GRANTED**, and the Rule 12(b)(6) motion to dismiss is **DENIED WITHOUT PREJUDICE**.

## BACKGROUND

On February 13, 2015, Plaintiff William Hudson ("Hudson") filed this suit in the 24th Judicial District Court in Jefferson Parish, Louisiana, against his former employer, Defendant SEISCO International Limited ("SEISCO").[2] Hudson alleges that from 2010 to 2014, he was employed as SEISCO's vice president and national sales manager.[3] Hudson contends SEISCO "unilaterally and without notice reduced Hudson's salary" on February 1, 2014, and terminated his employment on June 13, 2014, in violation of his employment agreement with SEISCO.[4] Hudson seeks damages for unpaid wages and breach of contract.[5] SEISCO removed the case to this Court on March 18, 2015.[6]

---

[1] R. Doc. 46.
[2] R. Doc. 1-1.
[3] *Id.* at 1.
[4] *Id.* at 2–3.
[5] *Id.* at 4.
[6] R. Doc. 1. SEISCO filed an amended notice of removal on March 24, 2015. R. Doc. 6.

On March 2, 2016, SEISCO amended its answer, asserting a counterclaim against Hudson for fraud.[7] SEISCO alleges in its counterclaim that Hudson "submitted some expense items on more than one occasion and that unknowingly these items were paid in duplicate to [Hudson]," and that, "[u]pon information and belief, Hudson's actions in submitting duplicate expense requests constitute fraud."[8] SEISCO alleges that, if Hudson's conduct does not rise to the level of fraud, his conduct constitutes "a breach of fiduciary duty, a misrepresentation, conversion and a breach of any implied agreement, whether express or not."[9]

On March 4, 2016, Hudson filed a motion to dismiss pursuant to Rule 12(b)(6), arguing SEISCO fails to state a claim for fraud and thus the counterclaim should be dismissed.[10] In the alternative, Hudson requests that SEISCO provide a more definite statement pursuant to Rule 12(e).[11] SEISCO filed an opposition on March 15, 2016.[12]

## LAW AND ANALYSIS

"While a motion to dismiss under Rule 12(b)(6) attacks a pleading for failing to allege a cognizable legal theory eligible for some type of relief, a Rule 12(e) motion for more definite statements attacks pleadings that do, in fact, state cognizable legal claims but that fail to state them with sufficient particularity."[13] Rule 12(e) allows a party to move for a more definite statement of a pleading when it is "so vague or ambiguous that the party cannot reasonably prepare a response."[14] The United States Supreme Court has held

---

[7] R. Doc. 45.
[8] R. Doc. 45-1 at 2.
[9] *Id.*
[10] R. Doc. 46.
[11] *Id.*
[12] R. Doc. 54.
[13] *Martin v. Tesoro Corp.*, No. Civ.A. 11-1413, 2012 WL 1866841, at *2 (W.D. La. May 21, 2012) (citations omitted).
[14] FED. R. CIV. P. 12(e). *See also Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959).

that, "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice," then a Rule 12(e) motion may be appropriate.[15] A pleading "will be deemed inadequate only if it fails to (1) provide notice of the circumstances which give rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist."[16] "In deciding whether to grant a Rule 12(e) motion, the trial judge is given considerable discretion."[17]

Rule 9(b) of the Federal Rules of Civil Procedure requires parties to "state with particularity the circumstances constituting fraud."[18] Rule 9(b) states, "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."[19] Rule 9(f) states that "[a]n allegation of time or place is material when testing the sufficiency of a pleading."[20] Hudson argues SEISCO "[has] not plead [sic] the defense of fraud with particularity as required" by Rule 9.[21]

The Court finds that the claim for fraud alleged by SEISCO in its counterclaim is vague and ambiguous and, under Rule 12(e), requires amendment. The Court thus grants Hudson's Rule 12(e) motion for a more definite statement. SEISCO shall file an amended counterclaim setting forth more detailed factual allegations and specifying its cause of action and bases therefor, such that Hudson can prepare an appropriate response to SEISCO's claim.

---

[15] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

[16] *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999).

[17] *Fleming v. Transocean Offshore USA, Inc.*, No. Civ.A. 04-2740, 2004 WL 2984325, at *2 (E.D. La. Dec. 14, 2004) (citing *Newcourt Leasing Corp. v. Regional Bio-Clinical Lab, Inc.*, No. Civ.A. 99-2626, 2000 WL 134700, at *1 (E.D. La. Feb. 1, 2000); *MedRehab v. Evangeline v. Natchitoches, Inc.*, No. Civ.A. 98-1663, 1998 WL 671287, at *1 (E.D. La. Sept. 24, 1998)). *See also Ditcharo v. United Parcel Serv., Inc.*, 376 F. App'x 432, 440 n.9 (5th Cir. 2010) (citing *Old Time Enters., Inc. v. Int'l Coffee Corp.*, 862 F.2d 1213, 1217 (5th Cir. 1989)).

[18] FED. R. CIV. P. 9(b).

[19] *Id.*

[20] FED. R. CIV. P. 9(f).

[21] R. Doc. 46-1 at 5.

## CONCLUSION

For the foregoing reasons;

**IT IS ORDERED** that Hudson's Rule 12(e) motion for more definite statement is **GRANTED**. SEISCO shall file, no later than **May 6, 2016**, at **5:00 p.m.**, an amended counterclaim.

**IT IS FURTHER ORDERED** that Hudson's Rule 12(b)(6) motion to dismiss is **DENIED WITHOUT PREJUDICE** to Hudson's right to re-urge the motion to dismiss after SEISCO amends its counterclaim.

**New Orleans, Louisiana, this 14th day of April, 2016.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

4